**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-02131-CMA-BNB

NED PRATHER,
PRATHER OUTFITTERS, INC.,
RICHARD L. PRATHER,
WILLIAM LYLE PRATHER,
DONNA KOEHLER, and
JOJO PROPERTIES, LLC, a Colorado limited liability company.

  Plaintiffs,

v.

WILLIAMS PRODUCTION RMT COMPANY, a Delaware corporation,

  Defendant.

---

## ORDER DENYING MOTION TO REMAND

---

This matter is before the Court on Plaintiffs' Motion To Remand And For An Order Granting Costs And Fees Incurred As A Result Of The Removal Pursuant To 28 U.S.C. § 1447 (Doc. # 11). For the following reasons, the Court denies the motion.

### I. BACKGROUND

On August 1, 2010, Plaintiffs filed a complaint in Garfield County, Colorado District Court, seeking damages against Defendant for its alleged contamination of the ground water and soils of Plaintiffs' property. Defendant was served with a copy of the complaint on August 3. On August 23, Defendant filed a Notice of Removal in this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). The next day, August 24, Chief Judge Daniel remanded the case, citing Defendant's failure to show that the

amount in controversy was satisfied. On September 1, Defendant filed another Notice of Removal with this Court. Plaintiffs now move, again, to remand the case to state court.

## II. ANALYSIS

Plaintiffs assert two grounds for remand: (A) Defendant improperly removed the case and (B) the parties are not diverse.

### A. IMPROPER REMOVAL

Plaintiffs first argue that Defendant's second removal is precluded by 28 U.S.C. § 1447(d), which states in part that: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, . . ." Plaintiffs assert that the Chief Judge Daniel's remand order divested this Court of subject matter jurisdiction and that § 1447(d) prevents the Court from reviewing that remand order. This is true. But it is also irrelevant.

The Court is not reviewing Judge Daniel's remand order, which addressed Plaintiff's first Notice of Removal. The Court is reviewing Defendant's second Notice of Removal. Thus, it rejects Plaintiffs' argument. As long as Defendant's second Notice of Removal was timely, the Court will consider it.

Under the first paragraph of 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ," Defendant received the complaint on August 3, 2010. (Doc. # 1, ¶ 2.) Its second Notice

of Removal was filed on September 1, 2010.  (*See id.*)  Because the Notice was filed within thirty days of Defendant's receipt of the complaint, the Notice was timely under the first paragraph of 28 U.S.C. § 1446(b).

The next question is whether the Notice of Removal shows the Court has jurisdiction to hear the case.

**B.   SUBJECT MATTER JURISDICTION**

The burden is on Defendant, as the removing party, to persuade the Court that subject matter jurisdiction exists.  *See McPhail*, 529 F.3d at 952-53.  In so doing, Defendant must "prove jurisdictional facts by a preponderance of the evidence."  *Id.*

Defendant asserts the Court has diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1 at 3-6.)  Section 1332(a) sets forth two requirements for diversity jurisdiction: (1) an "amount in controversy [that] exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) diversity of citizenship between the parties.  28 U.S.C. § 1332(a).

    1.   Amount In Controversy

"The amount in controversy is ordinarily determined by allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Other potential sources of evidence include interrogatories obtained in state court before removal was filed, a proposed settlement amount, or affidavits.  *See McPhail*, 529 F.3d at 956.

To establish the requisite amount in controversy, Defendant relies on the allegations in the complaint and an affidavit by its counsel, Lloyd W. Landreth, which was filed under seal.  (Doc. # 1, ¶¶ 10-18.)  The affidavit reflects that, during settlement negotiations, Plaintiffs' counsel valued Plaintiffs' claims as exceeding $75,000.  These valuations are a proper means of supporting the allegations in the Notice of Removal. *McPhail*, 529 F.3d at 956 ("[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability.").  Accordingly, the Court finds that Defendant has satisfied its burden showing the requisite amount in controversy.

      2.      Diversity of Citizenship

As to diversity of citizenship, the parties agree that Plaintiffs are citizens of Colorado.  They dispute Defendant's citizenship.

For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).  This place is often referred to as the corporation's "nerve center."  *Id.*  "[T]he 'nerve center' will typically be found at a corporation's headquarters."  *Id.* at 1186.

Defendant is incorporated in Delaware and is thus a citizen of Delaware. 28 U.S.C. § 1332(c)(1). Defendant also claims to be a citizen of Oklahoma, asserting that its principal place of business is Tulsa, Oklahoma. In support, Defendant cites an affidavit of its Vice-President, Neal A. Buck. (Doc. # 1 at 9-10.) In it, Mr. Buck avers that (1) Defendant's executive offices are located in Tulsa, Oklahoma; (2) nine of its eleven corporate officers and executives reside in Tulsa, Oklahoma; (3) executive control over Defendant is exercised from Tulsa, Oklahoma; (4) accounting services for Defendant are provided from Tulsa, Oklahoma; (5) legal services for Defendant are managed from Tulsa, Oklahoma; (6) a substantial number of Defendant's corporate records are located in Tulsa, Oklahoma; (7) Defendant's federal and state income tax returns are filed from Tulsa, Oklahoma; and (8) a number of purchase orders and invoices for Defendant are issued out of Tulsa, Oklahoma. (*Id.*)

Plaintiffs dispute Defendant's "principal place of business." They argue it is in in Colorado, not Oklahoma. (Doc. # 11 at 8-10.) If true, this would defeat diversity. In support of their position, Plaintiffs cite, *inter alia*, Defendant's letterhead, which lists Defendant's address as 1515 Arapahoe Street, Denver, Colorado – a short walk from this courthouse. Plaintiffs assert that this address is in fact Defendant's corporate headquarters. Defendants do not deny this.

As observed by the Supreme Court in *Hertz Corp.*, a corporation's principal place of business will normally be found at its headquarters. *Hertz Corp.*, 130 S.Ct. at 1192. Nevertheless, the test endorsed by the Court is not – where is the corporate

5

headquarters? The test is – from where do the corporation's officers direct, control, and coordinate the corporation's activities? *Id.* at 1192.

In this case, despite the appearance that Defendant's corporate headquarters is in Denver, Colorado, the Court cannot ignore the sworn statements of Defendant's Vice-President, Mr. Buck, which indicate that much of the direction, control, and coordination over Defendant's activities originate in Tulsa, Oklahoma. Thus, the Court finds that Defendant is a citizen of Oklahoma, not Colorado, and is thus diverse from Plaintiffs, who are citizens of Colorado.

## III.  CONCLUSION

Defendant has met its burden showing that the Court has subject matter jurisdiction over this case. Accordingly, the Court DENIES Plaintiffs' Motion To Remand And For An Order Granting Costs And Fees Incurred As A Result Of The Removal Pursuant To 28 U.S.C. § 1447 (Doc. # 11).

DATED:  December   01  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge